IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

ALANA ACKER and WISCONSIN D.O.C.,

Defendants.

OPINION and ORDER

26-cv-588-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

WI D.O.C., LT. BORTZ, LT. VIRES, SGT. XIONG, SGT. HINICKLE, and LT. WILLIAMS,

Defendants.

OPINION and ORDER

26-cv-589-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

CAPT. HOFFSTATTER, CO II SCHULENBURG, CO REILLY, CO REGO, and CO EHLE,

Defendants.

OPINION and ORDER

26-cv-590-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

ROBERT RYMARKIEWICZ, SGT. PHIPPS, SGT. NGUYEN, LT. COBB, CAPT. HOFFSTATTER, CO DOES 1-10, NURSE EILZABETH (DOE), and NURSE ASHANTI WRIGHT,

OPINION and ORDER

26-cv-614-jdp

Defendants.

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

ROBERT RYMARKIEWICZ, KEVIN GARCEAU, JENNIFER LOHMAN PETERSON, KEVIN PITZEN, JASON HILL, and CO. DOES 1-10,

Defendants.

OPINION and ORDER

26-cv-802-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

LT ANDREW CORMICAN, CO II PRESTON, CO II SPICE, and CAPT HOFFSTATTER,

Defendants.

OPINION and ORDER

26-cv-953-jdp

---

Plaintiff Brandon D. Bradley, Sr., proceeding without counsel, is incarcerated at Columbia Correctional Institution (CCI). Bradley has filed a series of lawsuits about various incidents in which his constitutional rights have been violated over the past year. But Bradley's ability to file lawsuits in this court is limited both by statue and by court sanctions. I will dismiss these cases because Bradley's complaints do not comply with these restrictions.

Bradley has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of him incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury at the time he filed the lawsuit. *See Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). Also, because of Bradley's

long history of filing complaints that violated Federal Rule of Civil Procedure 20 by containing unrelated claims against different sets of government officials, I sanctioned him by stating that I would summarily dismiss any similarly flawed complaint he submits that clearly violates Rule 20. *See Bradley v. Novak*, No. 20-cv-328-jdp, Dkt. 27, at 3 (W.D. Wis. Dec. 15, 2020). After Bradley continued to file complaints that did not comply with these restrictions, I barred him further from filing any case-initiating documents other than habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm, even if he prepaid the full filing fee. *Bradley v. Barrett*, No. 22-cv-239-jdp, 2022 WL 1302882, at *2 (W.D. Wis. May 2, 2022).

Bradley has filed the following lawsuits:

- Case No. 26-cv-588-jdp: In November 2025, A staff member forced Bradley to be handcuffed behind his back despite him having a restriction to be cuffed only in the front due to a medical condition. He also received a false conduct report.

- Case No. 26-cv-589-jdp: In October 2025, defendants cuffed Bradley behind his back. Bradley fell to the floor in protest, and defendants used excessive force against him.

- Case No. 26-cv-590-jdp: In October 2025, defendants fabricated a conduct report against him and placed him in extremely tight restraints that harmed him.

- Case No. 26-cv-614-jdp: In March 2026, defendants placed Bradley in painfully tight restraints, leading to him suffering a health emergency. A nurse ignored his pleas for help.

- Case No. 26-cv-802-jdp: In October 2025, Bradley was sexually assaulted by his cellmate. Defendants initially ignored Bradley's complaint about the assault, leading to him attempting self-harm. Bradley and the cellmate were later separated.

- Case No. 26-cv-953-jdp: In June 2026, Bradley was restrained with painfully tight handcuffs and at some point was restrained behind his back. Defendants ignored his complaints and later intentionally placed him near another prisoner who Bradley believed would harm him.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Each of these complaints involves an incident of harm that occurred months before Bradley filed his complaint about the incident, and Bradley does not adequately state how he believes those events are connected to an ongoing threat of harm to him that would be sufficient to meet the imminent-danger requirement.

Ordinarily when this court concludes that an inmate's complaint does not meet the imminent-danger standard of § 1915(g), it gives the plaintiff a deadline to pay the entire $405 filing fee to proceed with the case. But that avenue is not available to Bradley given the sanctions against him. *See* 2022 WL 1302882, at *2. So I will dismiss each of these cases.

ORDER

IT IS ORDERED that:

1. Each of these cases are DISMISSED under this court's sanctions against plaintiff.
2. The clerk of court is directed to enter judgment in each case and close them.

Entered September 29, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge