IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

ALANA ACKER and WISCONSIN D.O.C.,

Defendants.

OPINION and ORDER

26-cv-588-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

WI D.O.C., LT. BORTZ, LT. VIRES, SGT. XIONG, SGT. HINICKLE, and LT. WILLIAMS,

Defendants.

OPINION and ORDER

26-cv-589-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

CAPT. HOFFSTATTER, CO II SCHULENBURG, CO REILLY, CO REGO, and CO EHLE,

Defendants.

OPINION and ORDER

26-cv-590-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

ROBERT RYMARKIEWICZ, SGT. PHIPPS, SGT. NGUYEN, LT. COBB, CAPT. HOFFSTATTER, CO DOES 1-10, NURSE EILZABETH (DOE), and NURSE ASHANTI WRIGHT,

OPINION and ORDER

26-cv-614-jdp

Defendants.

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

ROBERT RYMARKIEWICZ, KEVIN GARCEAU, JENNIFER LOHMAN PETERSON, KEVIN PITZEN, JASON HILL, and CO. DOES 1-10,

Defendants.

OPINION and ORDER

26-cv-802-jdp

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

LT ANDREW CORMICAN, CO II PRESTON, CO II SPICE, and CAPT HOFFSTATTER,

Defendants.

OPINION and ORDER

26-cv-953-jdp

---

Plaintiff Brandon D. Bradley, Sr., proceeding without counsel, is incarcerated at Columbia Correctional Institution (CCI). Bradley filed a series of lawsuits about various incidents in which his constitutional rights have been violated over the past year. I dismissed each of these cases under the "three strikes" rule of 28 U.S.C. § 1915(g), because Bradley's allegations concerned incidents of past harm, not imminent threats of danger. Dkt. 4 in Case No. 26-cv-588-jdp.

Now Bradley moves to reconsider that decision and he seeks my recusal for bias against him. Dkt. 6 in the '588 case. I'll address the recusal portion of his motion first. A federal statute, 28 U.S.C. § 455(a), requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with

valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986). Bradley argues that I should recuse because of my rulings against him in these and other cases. But unfavorable legal rulings are not a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). I will deny his motion for my recusal.

On to Bradley's motion for reconsideration. He styles his motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b), but because he filed this motion within 28 days of the judgments, I will construe it as a motion to alter or amend the judgments under Rule 59(e), a more lenient standard. To prevail under Rule 59(e), Bradley "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Bradley's motion is extremely long for a motion of this type (41 pages) and somewhat difficult to understand. He states that he is currently receiving inadequate medical treatment to treat nerve pain and to help him sleep. But that treatment wasn't the subject of any of the complaints in question here so that isn't a reason to reopen these cases.

Bradley discusses discovery-related issues in other open cases that he has in this court. Those other cases otherwise have nothing to do with the question whether I should reopen any of the above-captioned cases.

Bradley also notes that I have previously granted him leave to proceed in forma pauperis under the imminent-danger standard in other cases, including a case about being repeatedly handcuffed behind his back, *Bradley v. Hill*, Case No. 24-cv-438-jdp, and a case about staff blocking messages to medical staff and harassing him to such degree that he has thoughts of self-harm, *Bradley v. Lloyd*, Case No. 24-cv-546-jdp. If what Bradley means to argue is that I

should have let him proceed in forma pauperis in the above-captioned cases for the same reasons that I allowed him to proceed in the ’438 and ’546 cases, he is incorrect. Unlike the cases where I have allowed him leave to proceed, in the above-captioned cases Bradley raised only allegations about being harmed in the past, not about a threat that he continued to face. I will deny his motion to alter or amend the judgments.

## ORDER

IT IS ORDERED that:

1. Plaintiff’s motion for my recusal, Dkt. 6 in Case No. 26-cv-588-jdp, is DENIED.
2. Plaintiff’s motion to alter or amend the judgments in these cases, Dkt. 6 in the ’588 case, is DENIED.
3. The clerk of court is directed to docket this order in each of the above-captioned cases.

Entered November 17, 2026.

BY THE COURT:

/s/

________________________________

JAMES D. PETERSON
District Judge